**EMERY AIR FREIGHT CORPORA-
TION, Plaintiff,**

v.

**LOCAL UNION 295, Affiliated with the
International Brotherhood of Team-
sters, Chauffeurs, Warehousemen and
Helpers of America, et al., Defendants.**

No. 71 C 452.

United States District Court,
E. D. New York.

Dec. 19, 1972.

Howard Franklin Cerny, New York
City, for plaintiff.

David Scribner, New York City, and
Herbert A. Simon, Valley Stream, N. Y.,
for defendants.

MEMORANDUM and ORDER

BRUCHHAUSEN, District Judge.

The defendant moves for an order to
dismiss plaintiff's application for con-
tempt sanctions as stated in its Notice
of Motion.

This matter originated from a labor
dispute, between the parties. The Court
issued a preliminary injunction, found
defendants in contempt, issued a Final
Contempt Order and levied a $50,000.00
fine.

On appeal, reported in 2 Cir., 449 F.2d
586, the Court concluded: first, that the
Court lacked jurisdiction, under the
Norris-LaGuardia Act, 29 U.S.C. § 101
et seq., and, accordingly the order. Sec-
ondly, because the order, holding appel-
lants in contempt was entered, without a
proper hearing, remanded that issue to
the district court for reconsideration.

The Court then examined the current
vitality of some of the provisions of the
Norris-LaGuardia Act, 29 U.S.C. 101 et
seq., and discussed the governing law on
the subject.

It indicated that the major dispute be-
tween the parties was whether a new
contract existed and no one regarded
that issue as arbitrable.

It held in part at page 591:

"Therefore, under the Norris-La-
Guardia Act, and the Boys Markets
reading of it, the preliminary injunc-
tion was improper because the 'strike
* * * sought to be enjoined
* * * [was not] over a grievance
which both parties are contractually
bound to arbitrate.' Boys Markets,
Inc. v. Retail Clerk's Union Local 770,
398 U.S. [235] at 254, 90 S.Ct. [1583]
at 1594 [26 L.Ed.2d 199] citing Sin-
clair Refining Co. v. Atkinson, 370 U.
S. [195] at 228, 82 S.Ct. 1328, 8 L.
Ed.2d 440 (dissenting opinion).
* * * Accordingly, the preliminary
injunction as granted was improper."

It is well settled that although temporary restraining orders were improperly entered, they must be obeyed until overturned, and failure to do so is punishable by contempt. In the case at bar the Final Contempt Order and fine were both imposed in violation of defendant's procedural rights and, therefore, must be set aside and reconsidered.

At the subsequent proceedings on remand, the district court has been admonished to consider the basic questions raised by the appellants. The Court held in part at page 592:

"* * * However, appellants argue that the contempt found here was civil rather than criminal and that United Mine Workers, [United States v. United Mine Workers] 330 U.S. [258] at 294–295, 67 S.Ct. 677 [91 L.Ed. 884], makes clear that such contempt judgments should be set aside when the order upon which they are based is held on appeal to have been erroneously entered. Moreover, citing In re Green, 369 U.S. 689, 82 S.Ct. 1114, 8 L.Ed.2d 198 (1962), appellants argue that whatever may be the general rule, the Court has made clear since United Mine Workers that if a court is 'without jurisdiction' to enter a restraining order, the order is void and violations may not be punished even as a criminal contempt. Since compliance with the Norris-LaGuardia Act is a 'jurisdictional' requirement, say appellants, the district court had no 'jurisdiction' to enter the orders they allegedly ignored and, therefore, the contempt must be set aside. The questions raised by appellants and by the above-cited cases are substantial."

The Court further concluded not to decide these delicate issues because it determined that the finding of contempt in the Final Contempt Order and the fine were both imposed in violation of the defendant's procedural rights.

Finally, the Court held in part at page 595:

"At such proceedings, the court should consider, inter alia, the basic questions raised by appellants and alluded to above."

This Court has fully reconsidered this matter in the light of the strong suggestions of the Circuit Court and concludes that the district court had no original jurisdiction. Therefore, the motion of the defendant is granted. See also New York Telephone Company v. Communications Workers of America, AFL–CIO, et al., 445 F.2d 39 (2 Cir., 1971).